**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50593 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-03727-LAB |
| v. | |
| JOSE LUIS FLORES-GONZALES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Jose Luis Flores-Gonzales appeals from the district court's judgment and challenges the 42-month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Flores-Gonzales contends that the district court procedurally erred by (1) failing to expressly consider U.S.S.G. § 4A1.3, a policy statement concerning "departures based on inadequacy of criminal history;" and (2) using Flores-Gonzales's previous sentence for illegal reentry rather than the relevant Guidelines range as a starting point for sentencing. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court used the Guidelines range as the starting point in the sentencing process, and adequately explained the sentence with reference to the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Flores-Gonzales also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Flores-Gonzales's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Flores-Gonzales's repeated immigration violations and his failure to be deterred by prior sentences. *See id*.

**AFFIRMED.**